UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 3:04-CR-47

JONATHAN WARD,                                                HONORABLE AVERN COHN
and HOWARD KIRK GIBNEY,

    Defendants.

_____/

## MEMORANDUM AND ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE PERIODS OF DELAY FROM SPEEDY TRIAL COMPUTATION AS TO GIBNEY

I.

This is a criminal case. Before the Court is the government's motion to exclude periods of delay from speedy trial computation as to defendant Howard Kirk Gibney. For the reasons that follow, the government's motion is GRANTED.

II.

A.

The Speedy Trial Act, 18 U.S.C. § 3161 (the STA), requires that a criminal defendant be brought to trial within 70 days from the latest date of arrest, the filing of an indictment, or the first appearance before the court. Henderson v. United States, 476 U.S. 321, 323 (1986). The STA provides that if this time limit is exceeded, an indictment "shall be dismissed on motion of the defendant," with or without prejudice. 18 U.S.C. § 3162(a)(2). However, the STA also provides for periods of excludable delay

during which the 70-day "clock" does not operate. See id. § 3161(h).  The district court has discretion to exclude a delay from the 70-day time limit, and a decision to exclude a delay will only be reversed upon a showing of actual prejudice. United States v. Cianciola, 920 F.2d 1295, 1298 (6th Cir.1990) (citing United States v. Monger, 879 F.2d 218, 221 (6th Cir.1989)).

18 U.S.C. § 3161(h) sets forth several periods of time that are excluded from computation.  At issue here are § 3161(h)(1)(F) and § 3161(h)(8)(B).  Subsection (h)(1)(F) provides:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
> ...
> (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> ...

Subsection (h)(8)(B)(ii) provides:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> ...
> (ii) Whether the case is so unusual or so complex, due to the number of

defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

B.

The government seeks to exclude from the STA computation the time period from October 15, 2004, the date of filing of Gibeny's pending motion to suppress statements to the date of disposition based on § 3161(h)(1)(F) and § 3161(h)(8)(B). Gibney agrees that the time of filing the motion to suppress on October 15, 2004 until the date of the evidentiary hearing before the magistrate judge on November 10, 2004 is excludable.

1.

As to subsection (h)(1)(F), Gibney says that after the hearing the magistrate judge ordered post-hearing briefs and directed the government to file its brief within 15 days after receipt of the transcript. The transcript was filed on November 29, 2004. The government did not file a timely brief but instead, on January 13, 2005, filed a motion for enlargement of time. The Court granted the motion on January 21, 2005. Gibney filed objections to the extension on January 24. All briefing was completed on February 4, 2005. Gibney says that the time period from December 14, 2004, when the government's response was due, to January 21, 2005 is not excludable.

The government says that this time period is excludable because the STA does not incorporate any time limits in local rules or orders and the government's failure to comply with the 15 day requirement does not preclude excluding the delay under the STA.

The government's argument is well-taken. Gibney cites no authority for not

3

excluding the time between when the government's response was due until the Court granted the government's motion to allow the government additional time. Moreover, the STA excludes time after a hearing when a district judge awaits additional filings. Because the magistrate judge only issues a recommendation, to which the parties may object, the clock is stopped during the time the recommendation is prepared and the parties file objections.

It is important to note that the clock has remained stopped since the filing of the report and recommendation on April 13, 2005. Before the time for objections expired, on April 18, 2005, the district judge to whom the case was assigned recused himself and the undersigned was appointed on May 6. Gibney did not file objections to the magistrate's report until May 31; the government did not object to the late filing. On June 16, the Court held a status conference and directed supplemental filings. These filings were completed on July 21. Under § 3161 (h)(1)(J), the clock is stopped for another 30 days, or until August 21, 2005.

2.

As to subsection (h)(8)(B), which stops the clock when a case is declared complex, Gibney says that time is not excludable under this portion of the STA because the court's order declaring the case complex was insufficient in its content and unnecessary under the circumstances. The government says that the case was properly declared complex.

While it is unnecessary to determine whether the case was properly declared complex in light of finding that the clock has been stopped due to the filing of Gibney's motion to suppress, the Court is satisfied in the decision to declare the case complex.

4

3.

Overall, as carefully detailed in the government's papers, there has been no violation of the STA. The time period from October 15, 2004 until the disposition of Gibney's motion to suppress is properly excludable under the STA.

SO ORDERED.

                              s/ Avern Cohn
                              AVERN COHN
Dated: August 16, 2005        UNITED STATES DISTRICT JUDGE
       Louisville, Kentucky