UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 3:04-CR-47

JONATHAN WARD,                      HONORABLE AVERN COHN
and HOWARD KIRK GIBNEY,

    Defendants.

_____/

## MEMORANDUM AND ORDER DENYING GIBNEY'S MOTION TO SUPPRESS

I.

This is a criminal case. Before the Court is the Gibney's motion to suppress statements made at the Grayson County Jail on June 4, 2004[1] on the grounds that the statements were made in violation of his Sixth Amendment right to counsel. The matter was referred to a magistrate judge for a report and recommendation (MJRR). The magistrate judge recommends that the motion be denied; Gibney objects. The Court agrees with the magistrate judge. The reasons follow.

II.

A.

---

[1] Gibney also moved to suppress statements made during the execution of a search warrant on April 14, 2004. At a hearing on June 16, 2005, the government stated that it did not intend to use these statements at trial. Accordingly, on June 21, 2005 the Court entered an order stating that such statements shall not be used at trial. Only Gibeny's statements on June 4, 2004 are at issue.

1

The MJRR accurately sets for the facts, briefly repeated here.  Gibney was indicted on May 4, 2004 and arrested on May 7, 2004.  A detention hearing was held at which he was represented by retained counsel.  The Court ordered Gibney detained.  Gibney's retained counsel subsequently withdrew; Gibeny was then appointed counsel by order dated June 3, 2004.

Also on June 3, while Gibney was detained in the Grayson County Jail, he telephoned Pam Goodman, an employee and social acquaintance.  Gibney asked Goodman to contact "that ATF guy" [Agent Jaraczeski] because he wanted to talk to him.  Goodman called Gibney later that day and said he left a voice mail with the ATF.  Agent Volk received the voice mail; he passed the message along to Agent Jaraczeski.  Nothing in the message from Goodman indicated that Gibney wanted an attorney present.

B.

On June 4, 2004, agents Volk and Jaraczeski went to the Grayson County Jail to see Gibney.

At the suppression hearing, the agents testified that they first confirmed that Gibney wanted to talk to them.  Agent Jaraczeski testified that Gibney either asked "where is lawyer was" or said "where's my lawyer."  Agent Jaraczeski them asked him if he had talked to his lawyer to which Gibney replied that he "had not seen him since the hearing."  Agent Jaraczeski then said that they would leave if he wanted an attorney.  Gibney replied "no - I want to talk to you."  Agent Volk testified somewhat differently in that he testified that Gibeny did not ask where his attorney was.

Agent Volk then read Gibney his rights and allowed him to read a rights waiver

form. Gibney signed the form. After that, Gibney made several incriminating statements.

### III.

#### A.

Under the Edwards rule,[2] once an accused has invoked the right to counsel, the police must cease interrogation until counsel has been made available, unless "the accused himself initiates further communication, exchanges, or conversations" with the police. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981). Edwards also says that defendant who has invoked his right to counsel may himself lawfully initiate discussion of the crime. See Edwards, 451 U.S. at 484-85. Moreover, to trigger the Edwards rule, the defendant's invocation of the right to counsel must be clear and unambiguous. Davis v. United States, 512 U.S. 452, 459 (1994). "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel," then cessation of questioning is not required. Id.

#### B.

Here, a careful review of the record under the totality of circumstances leads to the conclusion that Gibney first initiated contact with the agents via Goodman and continued to maintain a desire to speak with the agents without an attorney present. Assuming his statement to the effect of "where's my lawyer" was sufficient to trigger

---

[2]Although Edwards is a Fifth Amendment case, the rule applies after arraignment, when the Sixth Amendment right to counsel has attached. Michigan v. Jackson, 475 U.S. 625, 636 (1986).

Edwards, the record shows that the agents told Gibney they would leave. This was not improper. Gibney then told them not to leave which clearly indicated he wanted to talk to them despite the absence of an attorney. Gibney then signed a waiver of rights form. Gibney was therefore not prompted to talk by an interrogation, but rather "evinced a willingness and a desire for a generalized discussion about the investigation." Oregon v. Bradshaw, 462 U.S. 1039, 1045-46 (1983). Gibney's statements were all the product of his initiation of a meeting with the agents and indicated a willingness to speak to the them without counsel present. In other words, Gibney's statements to the agents were not obtained in violation of the Sixth Amendment.

In a supplemental filing, Gibney argues that the agents should have first contacted the government's counsel or Gibney's counsel before meeting with him. Gibney cites to state ethics rules, particularly Ky. Sup. Ct. R. 3.130, communication with persons represented by counsel. As the government points out, counsel for the government did not meet with Gibney and the agents are not bound by such a rule.

Accordingly, Gibney's motion to suppress is DENIED.

SO ORDERED.

                                                s/ Avern Cohn
                                                AVERN COHN

Dated: August 16, 2005         UNITED STATES DISTRICT JUDGE
        Louisville, Kentucky